**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ROBERT JAMES SUTTON, #04424-025**               **PETITIONER**

**VERSUS**                         **CIVIL ACTION NO.  5:06cv106DCB-MTP**

**CONSTANCE REESE, Warden FCI-Yazoo**                **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

On September 25, 2006, this Court entered an order that directed the Petitioner to demonstrate the completion of the Bureau of Prisons Administrative Remedy Program (ARP) by filing a copy of his ARP documents, specifically the response from the Central Office Appeals. The Petitioner was directed to file his response within twenty days and he was warned that his failure to comply with any order of this Court in a timely manner may result in the dismissal of this cause.  The Petitioner failed to comply with this order.

On November 7, 2006, an order was entered directing the Petitioner to file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's September 25, 2006 order, within twenty days.  The Petitioner was also ordered to comply with the September 25, 2006 order by filing the required ARP documents, within twenty days.  This order warned the Petitioner that his failure to comply with any order of this Court in a timely manner would result in the dismissal of this cause.  The Petitioner failed to comply with this order.

The Petitioner has failed to comply with two Court orders.   It is apparent from the

Petitioner's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Petitioner has not complied with two court orders, nor has he contacted this Court since July 27, 2006. The Court concludes that dismissal of this action for Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Respondent has never been called upon to respond to the Petitioner's pleading and since the Court has never considered the merits of Petitioner's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

THIS, the 28th day of December, 2006.

                                          S/DAVID BRAMLETTE
                                          UNITED STATES DISTRICT JUDGE